IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 DEC 13  AM 11: 53

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

GEORGE LAMAR PLUNKETT
   *Petitioner*,

   v.

UNITED STATES OF AMERICA,
   *Respondent.*

Criminal Action No. ELH-11-258
Civil Action No. ELH-16-1656

## MEMORANDUM

On June 29, 2012, pursuant to Fed. R. Crim. P. 11(c)(1)(C), George Lamar Plunkett, petitioner, entered a plea of guilty to "Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine," in violation of 21 U.S.C. § 846. ECF 98; ECF 99. In accordance with the terms of the C plea, he was sentenced to a period of 180 months imprisonment and five years' supervised release. ECF 133; ECF 134.[1]

Petitioner filed a motion to vacate on December 10, 2012, arguing ineffective assistance of counsel. ECF 162. That motion was denied by Memorandum Opinion and Order of November 27, 2013. ECF 254; ECF 255. On May 26, 2016, Plunkett filed a second "Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ECF 478 ("Motion"). The government responded with a motion to dismiss. ECF 484 ("Motion to Dismiss"). Plunkett did not file a reply, and the time to do so has long expired.

No hearing is necessary to resolve this matter. *See* 28 U.S.C. § 2255(b). For the reasons stated below, I shall grant the Motion to Dismiss.

---

[1] Plunkett's sentence was well below the advisory guidelines range of 262 to 327 months' incarceration.

## Discussion[2]

Plunkett's Motion is summarily based on *Johnson v. United States*, 135 S. Ct. 2551

(2015). However, 28 U.S.C. § 2255(h) is pertinent. It provides:

> A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the
> > evidence as a whole, would be sufficient to establish by clear and
> > convincing evidence that no reasonable factfinder would have found the
> > movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral
> > review by the Supreme Court, that was previously unavailable.

Therefore, a second or successive petition must be authorized by the appropriate

appellate court. *See United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). However,

Plunkett has not filed a request for authorization from the United States Court of Appeals for the

Fourth Circuit. Therefore, the Motion has not been authorized. Accordingly, I shall grant the

government's motion to dismiss.

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the

court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA

may issue only if the petitioner "has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v.*

*Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the

issues presented are adequate to deserve encouragement to proceed further," *Miller-El v.*

---

[2] To the extent relevant, I incorporate here the factual and procedural background set
forth in ECF 254.

*Cockrell*, 537 U.S. 322, 327 (2003).[3]  Because petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

An Order follows.

Date:_____ Dec. 13, 2016 _____

*Ellen R. Hollander*

Ellen L. Hollander
United States District Judge

---

[3] The denial of a COA does not preclude a petitioner from seeking permission from the appellate court for a COA.